An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
COLBERN COX STUART III, ESQ.,
BAR NO. 6513.

No. 60061

**FILED**

JUN 21 2013

## *ORDER OF TEMPORARY SUSPENSION*

This is a petition under SCR 111(4) concerning attorney Colbern Cox Stuart III, based on his conviction in San Diego County, California, of 15 counts of harassing by telephone and 2 counts of repeated harassing by phone or electronic contact, all misdemeanors.[1] Based on this conviction, Stuart, who is also licensed in California, was placed on inactive member status in California.

Our initial review of this matter indicated that Stuart's convictions did not meet the definition of "serious crime," as set forth in SCR 111(6), but that they were not for minor offenses and they adversely reflected on Stuart's fitness to practice law. *See* SCR 111(9). Thus, we

---

[1]Stuart failed to report his conviction to bar counsel pursuant to SCR 111(2), which itself could be construed as an act of misconduct constituting grounds for discipline. *See* SCR 101 (acts or omissions of an attorney that violate rules of the supreme court are misconduct and constitute grounds for discipline).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-18292

directed Stuart to show cause why he should not be temporarily suspended and the matter referred for discipline. Stuart failed to respond to our show cause order.

SCR 111(9) provides:

> Upon receipt of a petition demonstrating that an attorney has been convicted of a crime which is not a serious crime, the supreme court may refer the matter to the appropriate disciplinary board for any action it may deem warranted under these or any other rules of the supreme court that pertain to the conduct of attorneys, provided, however, that the supreme court may decline to refer a conviction for a minor offense to the board. If the conviction adversely reflects on the attorney's fitness to practice law, the supreme court may issue an order to show cause, requiring the attorney to demonstrate why an immediate temporary suspension should not be imposed.

Having reviewed the petition and the supporting documentation submitted by bar counsel, and in light of Stuart's failure to respond to our show cause order, we conclude that a temporary suspension is warranted.[2] Accordingly, we temporarily suspend Stuart from the

---

[2]See *Iowa Supreme Court Attorney Disciplinary Bd. v. Weaver*, 812 N.W.2d 4 (Iowa 2012) (holding that an attorney's criminal conviction for the telephonic harassment of his wife reflected adversely on the attorney's honesty, trustworthiness, and fitness as a lawyer).

practice of law and refer this matter to the Southern Nevada Disciplinary Board for the initiation of disciplinary proceedings.[3] *See* SCR 111(9).

It is so ORDERED.[4]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

---

[3]We recognize that Stuart has been suspended from the practice of law in Nevada since August 2003 for failure to pay his bar dues. *See* SCR 98(12). Accordingly, in order to be reinstated to the practice of law in Nevada, Stuart must comply with the reinstatement requirements of SCR 98(13), in addition to the disciplinary conditions and/or reinstatement requirements, if any, imposed in the instant matter.

[4]The Honorable Nancy M. Saitta, Justice, did not participate in the resolution of this matter.

cc: Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
David A. Clark, Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Colbern Cox Stuart, III
Perry Thompson, Admissions Office,
     Supreme Court of the United States